In re Roger L. KEELING.

No. 10–07–00019–CR.

Court of Appeals of Texas, Waco.

June 6, 2007.

Roger L. Keeling, Huntsville, pro se.

John C. Paschall, County & Dist. Atty. for Robertson County, Franklin, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Relator Roger L. Keeling seeks mandamus relief regarding the trial court's June 14, 2006 Order and Supplemental Order and an attached Bill of Cost for Conviction. Keeling's application (petition) for writ of mandamus alleges that on January 27, 1992, he pled guilty in cause number 91–12–14,899–CR in the 82nd District Court and, under a plea bargain, was sentenced to five years in prison. He alleges that on December 1, 1996, he was discharged from his sentence and was released from prison on parole.

Although the petition does not discuss any details, Keeling has since been reimprisoned. He alleges that in late June 2006, he received notice that the convicting court for his 1992 conviction had entered a June 14 Supplemental Order and Bill of Costs. The Supplemental Order provides:

> IT IS SO ORDERED that the Clerk of the Court assess court costs, fees, and/or fines against the Offender, for court costs, fees, and/or fines pursuant to Section 501.014 of the TEXAS GOVERNMENT CODE. Furthermore, the Clerk is to forward a certified copy of this Supplemental Order and Bill of Cost to the Texas Department of Criminal Justice Inmate Trust Fund and the offender.

The Bill of Cost assesses court costs of $123.50 for cause number 91–12–14,899–CR. The primary order is directed to "Inmate Trust Account, Texas Department of Criminal Justice" (with a copy to Keel-

ing) and orders that payment be made out of Keeling's inmate trust account as follows: an initial amount equal to the lesser of 20% of the preceding six month's deposits in the inmate's account or the total amount of costs; and in each following month, an amount equal to 10% of that month's deposits to the inmate's account or the total amount of unpaid costs.

Keeling alleges that thereafter, he learned that his trust account had been closed and he received a monthly balance slip showing that his account had been "attached" and that he was being charged for the above costs. After exhausting prison grievance proceedings, on August 28, Keeling filed with the convicting trial court a motion requesting that it rescind or reconsider the Supplemental Order. Keeling alleges that, despite several requests by him for the trial court to rule, the trial court has never ruled on Keeling's motion. Nor has the trial court responded to our request for a response to Keeling's petition for writ of mandamus.

Our analysis of the Supplemental Order begins with the statute that it relies on. Government Code section 501.014(e) provides:

> (e) On notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection. The department shall make a payment under this subsection as ordered by the court to either the court or the party specified in the court order. The department is not liable for withdrawing or failing to withdraw money or making payments or failing to make payments under this subsection. The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities:

> (1) as payment in full for all orders for child support;

> (2) as payment in full for all orders for restitution;

> (3) as payment in full for all orders for reimbursement of the Texas Department of Human Services for financial assistance provided for the child's health needs under Chapter 31, Human Resources Code, to a child of the inmate;

> (4) as payment in full for all orders for court fees and costs;

> (5) as payment in full for all orders for fines; and

> (6) as payment in full for any other court order, judgment, or writ.

TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004).

The Department received the Supplemental Order and acted on it under section 501.014(e). Our focus, however, is on the entry of the Supplemental Order, which ordered the removal of money from Keeling's trust account

A prison inmate has a property interest in his inmate trust account. *Covarrubias v. Tex. Dep't of Crim. Justice*, 52 S.W.3d 318, 324 (Tex.App.–Corpus Christi 2001, no pet.); *Brewer v. Collins*, 857 S.W.2d 819, 823 (Tex.App.–Houston [1st Dist.] 1993, no pet.); *see also* Op. Tex. Att'y Gen. No. GA–0534 (2007) (county has right to reimbursement from inmate but must comply with applicable due-process requirements). "A deprivation of personal property without due process violates the United States and Texas Constitutions." *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex.2004).

The Texarkana court recently examined this same issue in *Abdullah v. State*, 211 S.W.3d 938 (Tex.App.-Texarkana 2007, no

pet.). That opinion focuses—correctly—on the procedural due process aspect of such orders, analogizing them to turnover orders and garnishments. *See id.* at 940–41.

The issue as raised by Abdullah, in simple terms, is whether he was accorded due process of law and given proper notice before the State took his money. In simple terms, the answer is: No.
...

It is apparent from the extremely skimpy nature of these proceedings that no attempt was made to follow garnishment procedure, turnover procedure, or any other type of procedure before the trial court entered its order. There are no pleadings, no proper writ of garnishment, no notifications, no warnings, and no opportunity to respond. Although a judgment of conviction typically reflects the amount of costs incurred, this one does not. When a judgment does contain that information, it would often be clear what amount of costs existed, and the Legislature has provided a means to

garnish the funds available to inmates through their trust accounts so as to satisfy the state's expenses. Neither that means, nor any other procedure, was utilized in this case.

*Id.* at 941 (footnote omitted). *Abdullah* notes that another statute (Civil Practice and Remedies Code § 63.007)[1] applies to garnishment of inmate accounts, but Texas garnishment rules (TEX.R. CIV.P. 657–679) plainly had not been followed. *Id.* at 941–43. The court thus concluded that the inmate was not afforded procedural due process in the entry of the section 501.014(e) order and reversed it.[2] *Id.* at 942.

■ We agree with the Texarkana court's analysis, and we hold that Keeling was not afforded procedural due process in the trial court's entry of the Supplemental Order. *Abdullah,* however, was in a different procedural posture; it was treated as a civil appeal and the trial court's order was reversed. *See id.* at 939–40 & n. 1.

1. "A writ of garnishment may be issued against an inmate trust fund held under the authority of the Texas Department of Criminal Justice under Section 501.014, Government Code, to encumber money that is held for the benefit of an inmate in the fund." TEX. CIV. PRAC. REM.CODE ANN. 63.007(a) (Vernon Supp.2006).

2. *Abdullah* summarizes the due process analysis:

The Fourteenth Amendment to the United States Constitution protects against deprivation of life, liberty, or property by the State "without due process of law." *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). These words "require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); *Thoyakulathu v. Brennan,* 192 S.W.3d 849 (Tex.App.–Texarkana 2006, no pet.). The

opportunity to be heard is the fundamental requirement of due process; it is an opportunity which must be granted at a meaningful time and in a meaningful manner. *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex.App.–Houston [1st Dist.] 1993, no writ). Requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life, liberty, or property," the Due Process Clause promotes fairness in such decisions. *Daniels,* 474 U.S. at 331, 106 S.Ct. 662, 88 L.Ed.2d 662.
...
A helpful test in examining the question of whether due process was afforded employs a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process? *Copelin–Brown v. N.M. State Personnel Office,* 399 F.3d 1248, 1254 (10th Cir.2005).
*Abdullah,* 211 S.W.3d at 941–42 & n. 7.

Keeling seeks mandamus relief. He is entitled to it.

■ An order entered without due process is void. *Cf. In re Taylor,* 130 S.W.3d 448, 449 (Tex.App.–Texarkana 2001, orig. proceeding); *cf. also Abdullah,* 211 S.W.3d at 943 (order removing funds from inmate's account did not afford procedural due process for inmate's property interest). Mandamus relief may be afforded where the trial court's order is void. *In re Acceptance Ins. Co.,* 33 S.W.3d 443, 454 (Tex.App.-Fort Worth 2000, orig. proceeding); *see also Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973) (providing mandamus relief for void nunc pro tunc judgment entered after original judgment had become final). If the subject order is void, the relator need not show he did not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Southwestern Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000). And even if the subject order is not void but voidable or erroneous and Keeling theoretically has some other remedy at law, a "technically available legal remedy will not defeat a petitioner's entitlement to mandamus relief when the remedy is 'so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate.'" *In re Davis,* 990 S.W.2d 455, 457 (Tex. App.-Waco 1999, orig. proceeding) (citing *State ex rel Holmes v. Court of Appeals,* 885 S.W.2d 389, 394 (Tex.Crim.App.1994) (quoting *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex.Crim.App.1987)); and *Kozacki v. Knize,* 883 S.W.2d 760, 762 (Tex.App.-Waco 1994, orig. proceeding)). Given the subject matter and the circumstances—the 2006 garnishment of funds without due process from an inmate's trust fund account to recover court costs from a 1992 conviction from which the inmate had been paroled in 1996—other theoretical remedies are inadequate and mandamus relief is appropriate. *Cf. id.*

Because Keeling was not afforded procedural due process before entry of the Supplemental Order, that order is void, and any funds removed from Keeling's inmate account must be returned to his account. Accordingly, we conditionally grant mandamus relief, and the writ will issue only if the trial court fails to vacate its June 14, 2006 Order and Supplemental Order and fails to order the return of any removed funds within fourteen days after the date of this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

This mandamus proceeding raises a complaint about the garnishment by the State of money in an inmate trust account.

The majority has docketed this proceeding as a criminal proceeding. It is not. *See Crawford v. State,* 226 S.W.3d 688 (Tex.App.-Waco, 2007, no pet. h.) (Gray, C.J., dissenting). The process for garnishing an inmate's trust account is a civil proceeding. TEX. CIV. PRAC. REM.CODE ANN. Ch. 63 (Vernon 1997 & Supp.2006); TEX.R. CIV. P. 657–679. *See Abdullah v. State,* 211 S.W.3d 938 (Tex.App.-Texarkana 2007, no pet.) (Docket Number 06–06–00064–CV).[1] The fact that this particular garnishment proceeding relates to the garnishment for the assessment of court costs and fees as part of the judgment in a criminal proceeding is, at this juncture, irrelevant. TEX. CIV. PRAC. REM.CODE ANN. § 63.007 (Vernon Supp.2006).

1. The Rules of Appellate Procedure provide that the designation "CV" is assigned to a civil case while the designation "CR" is assigned to a criminal case. TEX.R.APP. P. 12.2(a)(4).

The error in classifying this as a criminal proceeding then contributes to the determination that mandamus to this Court is an available means of review of the garnishment order.[2]

First, in order to give Keeling relief by mandamus, the majority must decide that the garnishment order is void. The majority relies on a case from Texarkana to hold that an order entered without due process is void. *In re Taylor*, 130 S.W.3d 448 (Tex.App.-Texarkana 2001, orig. proceeding). However, *Taylor* was a habeas proceeding where the relator's liberty was being restrained due to a contempt order. And, more importantly, what the Texarkana Court said, relying on a Texas Supreme Court case, was, "An order is void if it is beyond the power of the court to enter it, *or if it deprives the relator of liberty* without due process of law." *Id.* at 449. (Emphasis added.). The majority leaves out the emphasized portion of the quote which is the portion of the statement upon which Texarkana was relying. The garnishment order did *not* deprive Keeling of his liberty. Keeling's criminal behavior

did that. The Texarkana Court did not address the "beyond the power of the court" prong because a contempt order is not beyond the power of a district court.

Likewise, I do not believe the garnishment order was void as being "beyond the power of the court to enter it." The order directed to TDCJ regarding the judgment against Keeling may not have been "authorized" or "valid" under the applicable law, *see Abdullah*, but it is not void. The distinction is one the Texas Supreme Court has addressed in Dubai and its progeny.[3] *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74–75 (Tex.2000). As long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). *See Tesco Am., Inc. v. Strong Indus.*, 221 S.W.3d 550, 555 (Tex.2006) (publication status pending).

Second, because the majority wrongly held the garnishment order was void, it avoided any discussion of whether Keeling had or has an adequate legal remedy.[4]

---

**2.** Interestingly, although they distinguish the procedural posture of *Abdullah* because it was characterized as a civil appeal, the majority uses civil case law, rather than criminal case law, to determine that Keeling is entitled to mandamus relief. And because the majority relies on civil case law and because it should be set up as a civil proceeding, I, too, will rely on civil case law. But if it is a criminal proceeding, as they have docketed it, the Court of Criminal Appeals' authority would absolutely prohibit the result they wish to reach. *See* discussion *infra*.

**3.** The Court of Criminal Appeals also has an excellent discussion of the distinction in *Ex parte Seidel*, 39 S.W.3d 221, 224–225 (Tex. Crim.App.2001). And as will be discussed below, if this is a criminal proceeding, the Court of Criminal Appeals has not decided to allow a void order to be attacked by mandamus without a showing that there is no adequate legal remedy.

**4.** While I recognize the Supreme Court held mandamus could be used to attack a void order, I wonder if that alone is the basis of their holding. When other routine remedies are so clearly available and effective, as discussed below, it seems that adding the mandamus remedy too is simply piling-on. On the other hand, the majority has previously determined that this type proceeding is a criminal proceeding. Unlike the Texas Supreme Court, the Court of Criminal Appeals requires a showing that there is no adequate legal remedy before a litigant may utilize a mandamus proceeding to attack an order, even a void order. *See State v. Patrick*, 86 S.W.3d 592, 594 (Tex.Crim.App.2002). In making this observation, I note the Supreme Court has also recently relaxed the no-adequate-legal-remedy requirement to avoid an unnecessary trial and the attendant cost and delay. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) and *In re AIU Ins. Co.*, 148 S.W.3d 109 (Tex.2004). The legal

*See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000). And if the order is not void, as I contend, to prevail by mandamus, Keeling must still show he has no adequate legal remedy.

There appear to have been at least three adequate legal remedies available to Keeling: 1) direct appeal;[5] 2) restricted appeal; and 3) bill of review. If Keeling was deprived of due process, a bill-of-review should be a simple procedure. *See Ross v. Nat'l Ctr. for the Empl. of the Disabled*, 197 S.W.3d 795, 797–798 (Tex.2006). Keeling also had an adequate legal remedy by direct appeal,[6] *Varner v. Koons*, 888 S.W.2d 511, 513 (Tex.App.-El Paso 1994, orig. proceeding); *see also Roberts v. Stoneham*, 31 S.W.2d 856, 857 (Tex.Civ. App.-Austin 1930, no writ), and it also appears that a restricted appeal may have been available to him. *See* Tex.R.App. P. 30. Mandamus is not available if another remedy, though it would have been adequate, was not timely exercised. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex.2006); *In re Johnson*, No. 07–04–00416–CV, 2004 Tex. App. LEXIS 7580 (Tex.App.-Amarillo Aug. 23, 2004, orig. proceeding). *See Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 799 (5th Cir.2004). *See also Ex Parte Townsend*, 137 S.W.3d 79, 81–82 (Tex.Crim.App. 2004) (applying the same rule to relief by petitions for writ of habeas corpus) (another form of extraordinary relief).

remedies available to Keeling would not be long delayed or incur unnecessary cost. In fact, he could have and should have pursued a direct appeal even before he brought this mandamus proceeding.

5. The availability of direct appeal may hinge upon the proper characterization of this proceeding as criminal or civil. A majority of this Court has previously determined it to be a criminal proceeding over which we had no jurisdiction. *See Crawford v. State*, 226

Based on the foregoing, I respectfully dissent.

S.W.3d 688 (Tex.App.-Waco, 2007, no pet. h.) (Gray, C.J., dissenting) (setting out withdrawn opinion of majority). The Texarkana Court, however, has characterized this as a civil proceeding. *See Abdullah v. State*, 211 S.W.3d 938 (Tex.App.-Texarkana 2007, no pet.).

6. If it is determined that this is actually a turnover order rather than a garnishment proceeding, the order is nevertheless a final appealable order. *Burns v. Miller*, 909 S.W.2d 505, 506 (Tex.1995).