238 S.W.3d 601 (2007)
In re Adam MARTINEZ.
No. 10-07-00299-CR.
Court of Appeals of Texas, Waco.
November 28, 2007.
Adam Martinez, Pampa, TX, pro se.
John W. Segrest, McLennan County District Atty., Waco, TX, for Appellee/Respondent.
Before Chief Justice GRAY, Justice VANCE, and Justice REYNA. (Chief Justice GRAY concurs with a note.)[*]

*602 OPINION
BILL VANCE, Justice.
Relator Adam Martinez seeks mandamus relief from a June 5, 2006 Order and the attached Bill of Cost. Respondent is the Judge of the 54th District Court of McLennan County.
Martinez was convicted of robbery in 2004 and assessed costs of $308.00. In 2006, the trial court signed an order authorizing the Texas Department of Criminal Justice-Institutional Division to make payment to the McLennan County District Clerk out of Martinez's inmate trust account of $7,317.47. Martinez filed an appeal[1] and a petition for writ of mandamus. We requested a response, which was filed on behalf of the Respondent.
This is the latest in a series of proceedings that have been filed questioning the validity of this type of order.
For the reasons expressed in In re Keeling, 227 S.W.3d 391 (Tex.App.-Waco 2007, orig. proceeding), we hold that the trial court's June 5, 2006 order is void, and any funds removed from Martinez's inmate account must be returned to his account. Accordingly, we conditionally grant mandamus relief. We are confident that Respondent will comply with our ruling, so the writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated the June 5, 2006 Order and ordered the return of any funds removed *603 from Relator's inmate trust account.
NOTES
[*] ("Chief Justice Gray notes that the Respondent argues the Court should reconsider Keeling. In re Keeling, 227 S.W.3d 391 (Tex.App.-Waco 2007, orig. proceeding). Without acknowledging the Respondent's arguments, the majority, however, declines to overrule precedent so recently established. Generally I agree with that proposition, but given that this line of cases started one direction and quickly went another when initially being considered, maybe we should think about it a little longer. See Crawford v. State, 226 S.W.3d 688, 688-692 (Tex.App.-Waco 2007, no pet.) (Gray, C.J., dissenting) (setting out withdrawn opinion of majority and the original dissenting opinion).

There is also another sound reason to take a fresh look at Keeling at this juncture. This is the first proceeding in which we received a substantive response which attempts to address the issue from the trial court's perspective. I pause to note that the State's/County's interest is different from the trial court's and the clerk's, and that the clerk's interest is different from the trial court's and the State's/County's. And I further note that while the trial court clerk and the State are interested parties, they have not been notified and given the opportunity to participate in this proceeding.
Because the Respondent has raised more substantive issues than the majority addressed in Keeling, I believe the argument is well founded that we should at least reconsider Keeling in light of these arguments, or at the very least address these additional arguments made on behalf of the Respondent. Thus I can only concur in the result, bound as I am by prior precedent, while making these observations, but without a separate opinion.
Therefore, for the reasons expressed in my dissenting opinion in Keeling, I agree with the Respondent that Keeling should be reconsidered and overruled, but I recognize that I am bound by the precedent established by this Court. Thus, I concur only in the judgment of the Court, but note my continued disagreement with the Court's decision in Keeling.
Further, I note my disagreement with the designation as an "Opinion" and that the opinion be designated for publication. This "Opinion" meets none of the criteria to be anything other than a memorandum opinion and designated as do-not-publish. See TEX. R.APP. P. 47.2(a), (b), and 47.4. Of course, this is just one of the differences caused by characterizing a proceeding as "CR" when it is actually a civil garnishment proceeding. See TEX.R.APP. P. 47.2(a) (civil cases are no longer designated as publish or do-not-publish) (Civil proceedings are docketed as "CV." See TEX.R.APP. P. 12.2(a)(4)). Keeling is the precedent of this Court, and unless we are going to elaborate on Keeling by addressing the arguments made by the Respondent, the rules require that the Court's opinion be designated as a memorandum opinion. No legitimate purpose is served by an "Opinion" that simply references to a prior holding of this Court.
Finally, I note that for all intents and purposes the signed "Opinion" is the same as the Per Curiam memorandum opinion that had previously been approved by all the members of the Court. Taking the writing assignment from me after the work is done only to then designate it as a signed "Opinion" when I resisted such a designation seems to serve only the purpose that it runs up the number of opinions authored by a judge while reducing mine. Thus, I also oppose the change in the writing assignment.)"
[1] We dismissed Martinez's direct appeal for want of jurisdiction. Martinez v. State, No. 10-07-00142-CR, 2007 WL 2200156, 2007 Tex.App. LEXIS 6110 (Tex.App.-Waco Aug.1, 2007, no pet.).