IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00299-CR

 

In re
Adam Martinez

 

 



Original Proceeding

 



Opinion










 

            Relator Adam Martinez seeks mandamus
relief from a June 5, 2006 Order and the attached Bill of Cost.  Respondent is
the Judge of the 54th District Court of McLennan County.

Martinez was
convicted of robbery in 2004 and assessed costs of $308.00.  In 2006, the trial
court signed an order authorizing the Texas Department of Criminal
Justice-Institutional Division to make payment to the McLennan County District
Clerk out of Martinez’s inmate trust account of $7,317.47.  Martinez filed an
appeal[1] and a
petition for writ of mandamus.  We requested a response, which was filed on
behalf of the Respondent.

            This is the latest in a series of
proceedings that have been filed questioning the validity of this type of
order.

            For the reasons expressed in In re
Keeling, 227 S.W.3d 391 (Tex. App.—Waco 2007, orig. proceeding), we hold
that the trial court’s June 5, 2006 order is void, and any funds removed from
Martinez’s inmate account must be returned to his account.  Accordingly, we
conditionally grant mandamus relief.  We are confident that Respondent will
comply with our ruling, so the writ will issue only if Respondent fails to
advise this Court in writing within fourteen days after the date of this
opinion that he has vacated the June 5, 2006 Order and ordered the return of
any funds removed from Relator’s inmate trust account.

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray concurs with a note)*

Petition
conditionally granted

Opinion
delivered and filed November 28, 2007

Publish


[OT06]

 

*(“Chief
Justice Gray notes that the Respondent argues the Court should reconsider Keeling. 
In re Keeling, 227 S.W.3d 391 (Tex. App.—Waco 2007, orig. proceeding). 
Without acknowledging the Respondent’s arguments, the majority, however,
declines to overrule precedent so recently established.  Generally I agree with
that proposition, but given that this line of cases started one direction and
quickly went another when initially being considered, maybe we should think
about it a little longer.  See Crawford v. State, 226 S.W.3d 688,
688-692 (Tex. App.--Waco 2007, no pet.) (Gray, C.J., dissenting) (setting out
withdrawn opinion of majority and the original dissenting opinion).  

 

There
is also another sound reason to take a fresh look at Keeling at this
juncture.  This is the first proceeding in which we received a substantive
response which attempts to address the issue from the trial court’s
perspective.  I pause to note that the State’s/County’s interest is different
from the trial court’s and the clerk’s, and that the clerk’s interest is
different from the trial court’s and the State’s/County’s.  And I further note
that while the trial court clerk and the State are interested parties, they
have not been notified and given the opportunity to participate in this
proceeding.  

 

Because
the Respondent has raised more substantive issues than the majority addressed
in Keeling, I believe the argument is well founded that we should at
least reconsider Keeling in light of these arguments, or at the very
least address these additional arguments made on behalf of the Respondent. 
Thus I can only concur in the result, bound as I am by prior precedent, while
making these observations, but without a separate opinion.  

 

Therefore,
for the reasons expressed in my dissenting opinion in Keeling, I agree
with the Respondent that Keeling should be reconsidered and overruled,
but I recognize that I am bound by the precedent established by this Court. 
Thus, I concur only in the judgment of the Court, but note my continued
disagreement with the Court’s decision in Keeling.

 

Further,
I note my disagreement with the designation as an “Opinion” and that the
opinion be designated for publication.  This “Opinion” meets none of the
criteria to be anything other than a memorandum opinion and designated as
do-not-publish.  See Tex. R. App.
P. 47.2(a), (b), and 47.4.  Of course, this is just one of the
differences caused by characterizing a proceeding as “CR” when it is actually a
civil garnishment proceeding.  See Tex.
R. App. P. 47.2(a) (civil cases are no longer designated as publish or
do-not-publish) (Civil proceedings are docketed as “CV.”  See Tex. R. App. P. 12.2(a)(4)).  Keeling
is the precedent of this Court, and unless we are going to elaborate on Keeling
by addressing the arguments made by the Respondent, the rules require that the
Court’s opinion be designated as a memorandum opinion.  No legitimate purpose
is served by an “Opinion” that simply references to a prior holding of this
Court.

 

Finally,
I note that for all intents and purposes the signed “Opinion” is the same as
the Per Curiam memorandum opinion that had previously been approved by all the
members of the Court.  Taking the writing assignment from me after the work is
done only to then designate it as a signed “Opinion” when I resisted such a
designation seems to serve only the purpose that it runs up the number of
opinions authored by a judge while reducing mine.  Thus, I also oppose the
change in the writing assignment.)”









[1] We
dismissed Martinez’s direct appeal for want of jurisdiction.  Martinez
v. State, No. 10-07-00142-CR, 2007 Tex. App. LEXIS 6110 (Tex. App.—Waco Aug. 1, 2007, no pet.).