IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00331-CR

 

In re
Steven Frank Goad

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Relator Steven Goad seeks a writ of
mandamus compelling the trial court to set aside two apparently ex parte orders
dated September 6, 2006 directing the Department of Criminal Justice to
withdraw funds from Goad’s inmate trust account for payment to the McLennan
County District Clerk for court costs and fees incurred in connection with Goad’s
2003 convictions in cause numbers 2002-1133-C and 2002-1134-C.  See Tex. Gov’t Code Ann. § 501.014(e)
(Vernon 2004).  Respondent is the Judge of the 54th District Court of McLennan County.  We will conditionally grant the relief requested.

            According to Goad’s petition, $582.70
has been removed from his inmate trust account and sent to McLennan County under the authority of the two orders.  Goad filed a motion with the trial
court requesting the trial court to rescind the two orders and to order the
“garnished” funds returned to his inmate trust account.  Respondent denied
Goad’s motion.

            This Court has determined that an
inmate must be provided procedural due process (i.e., notice and a
meaningful opportunity to be heard) before issuance of an order directing the
withdrawal of funds from the inmate’s trust account.  See In re Keeling,
227 S.W.3d 391, 393-94 & n.2 (Tex. App.—Waco 2007, orig. proceeding).  “An
order issued without due process is void.”  Id. at 395; see also Abdullah
v. State, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007, no pet.) (order
removing funds from inmate’s account did not afford procedural due process for
inmate’s property interest).

            The State concedes in its response
that it is assumed that Goad had no notice and was given no opportunity to be
heard before the two orders were entered, that “Keeling’s procedural due
process mandates have not been met,” and that the orders are thus void.  See
id.

            Therefore, we conditionally grant the
requested writ.  The writ will issue only if Respondent fails to advise this
Court in writing within fourteen days after the date of this opinion that he
has: (1) vacated the two September 6, 2006 orders directing the Department to
withdraw funds from Goad’s inmate trust account; and (2) ordered the return of
any funds withdrawn pursuant to those orders.

 

 

                                                                                    BILL
VANCE

                                                                                    Justice




 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

            (Chief
Justice Gray concurs with a note)*

Petition conditionally
granted

Opinion delivered and
filed January 23, 2008

Publish

[OT06]








 

*(Chief
Justice Gray concurs in the judgment solely due to the principle of stare
decisis.  He notes, however, that given such prior holdings of this Court, this
memorandum opinion should not be designated for publication.  See Tex. R. App. P. 47.4.)






e="font-family: 'CG Times', serif">Before Chief Justice Davis, 
      Justice Vance, and
      Justice Gray
Cause number 10-01-394-CR dismissed;
motion in cause number 10-01-384-CR granted
Opinion delivered and filed February 6, 2002
Do not publish
[CR25]