IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00040-CR

 

Kevin Lee Chudej,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-187-C

 



dissenting Opinion










 

            At this stage of the proceedings we do
not know if this is a criminal or civil proceeding.  We do not know that
because we do not know what Chudej is complaining about.  For that reason, if
no other, dismissal for want of jurisdiction is premature.  I respectfully
dissent.

            In a series of cases we have disposed
of claims raised by prisoners from orders which garnished their trust accounts
held by Texas Department of Criminal Justice.  See In re Johnson,
WR-69-327-01 (Tex. Crim. App. filed Feb. 4, 2008); In re Goad,
No. 10-07-00331-CR, 2008 Tex. App. LEXIS 505 (Tex. App.—Waco Jan. 23, 2008, orig. proceeding) (mem. op.); Gonzales v. State, Nos. 10-07-00240-CR and 10-07-00370-CR, 2008 Tex. App. LEXIS 147 (Tex. App.—Waco Jan. 9, 2008, no pet. h.) (mem. op.); In re Chudej, No. 10-07-00339-CR, 2007 Tex. App. LEXIS 9524 (Tex. App.—Waco Dec. 5, 2007, orig. proceeding) (mem. op.); Zink v. State, No. 10-07-00026-CR, 2007 Tex. App. LEXIS 9515 (Tex. App.—Waco Dec. 5, 2007, no pet.) (mem. op.); Phillips v. State, No. 10-07-00074-CR, 2007 Tex. App. LEXIS 9513 (Tex. App.—Waco Dec. 5, 2007, no pet.) (mem. op.); In re Martinez, 238 S.W.3d 601 (Tex. App.—Waco 2007, orig. proceeding); Goad
v. State, No. 10-07-00113-CR, 2007 Tex. App. LEXIS 8553 (Tex. App.—Waco Oct. 10, 2007, no pet.) (mem. op.); In re Jones, No. 10-07-00035-CR 2007 Tex. App. LEXIS 6376 (Tex. App.—Waco Aug. 8, 2007, orig. proceeding) (mem. op.); Jones v. State, No. 10-06-00343-CR, 2007 Tex. App. LEXIS 6376 (Tex. App.—Waco Aug. 8, 2007, no pet.) (mem. op.); Martinez v. State, No.
10-06-00142-CR, 2007 Tex. App. LEXIS 6110 (Tex. App.—Waco Aug. 1, 2007, no
pet.) (mem. op.); In re Keeling, 227 S.W.3d 391 (Tex. App.—Waco 2007,
orig. proceeding); Crawford v. State, 226 S.W.3d 688 (Tex. App.—Waco
2007, no pet.); and Crawford v. State, No. 10-06-00269-CR, 2006 Tex.
App. LEXIS 10983 (Tex. App.—Waco Dec. 20, 2006, withdrawn Feb. 14,
2007).  The order was rendered, I believe in all these cases, by the trial
court that rendered the judgment of conviction and sentence.  The question I
first focused upon was whether this was a judgment nunc pro tunc modifying the
amount of cost awarded in the judgment or whether it was a civil matter in the
form of an order garnishing the inmate’s trust account.  Some other issues have
been addressed along the way but that is still a question central to the proper
analysis and disposition of these complaints.  But the primary question remains
whether these orders are a nunc pro tunc order modifying a criminal judgment,
or simply a garnishment for the amount of court cost, as reflected by a
certified bill of cost from the district clerk, including additional information
on court cost, specifically cost for an appointed attorney and investigator in
some cases, – as awarded to the State and against the defendant.  Of course,
some of those “cost” were not known at the time of judgment and were only
mentioned generically in the original judgment. 

            Thus, the critical issue we must first
address is whether the defendant is complaining about the amount of cost or the
procedure by which it is being garnished.  These are two distinct complaints an
inmate could be making in these proceedings.  First, the complaint could be
about the amount of cost being assessed.  Thus it appears such a complaint
would be an attack on the manner in which the amount of cost assessed was
determined and made part of the criminal judgment.  Second, the complaint could
be regarding the manner in which an inmate’s account was garnished for the cost
as assessed in the inmate’s criminal judgment.  It appeared to me that this
issue would determine the characterization of these proceedings as criminal or
civil, as well as determine the forms of appellate review that might be
available.

            Because a majority of the Tenth Court
of Appeals went another direction, this issue was never joined by the parties
in this proceeding, or in any of the prior proceedings, and neither briefed nor
decided by the court of appeals.  See In re Keeling, 227 S.W.3d
391 (Tex. App.—Waco 2007, orig. proceeding).

            Based upon what we have as a record in
this proceeding, we are, at this time, unable to properly analyze the complaint
and, thus, unable to determine the true nature of the proceeding as either
criminal or civil; and thus we are currently unable to properly determine what,
if any, remedy might be available for judicial review.  Because of these
inabilities, the disposition of this proceeding is premature, and I
respectfully dissent from the dismissal of this proceeding for want of
jurisdiction of an appeal of a criminal proceeding.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
opinion delivered and filed March 12, 2008

Publish