

IN THE
TENTH COURT OF APPEALS

No. 10-08-00033-CR

KEVIN JOSEPH REESE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2005-1049-C1

MEMORANDUM OPINION

Kevin Joseph Reese was convicted of possession of a controlled substance, which was enhanced to a second degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003); TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2008). He was sentenced to 20 years in prison. Because the issue of vindictive prosecution was not preserved and because Reese's right to a speedy trial was not violated, the trial court's judgment is affirmed.

**VINDICTIVE PROSECUTION**

In his first issue, Reese contends that the prosecutor assigned to his case engaged in vindictive prosecution.

Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). A claim of prosecutorial vindictiveness may be established by either of two distinct methods of proof: 1) proof of circumstances that pose a "realistic likelihood" of such misconduct sufficient to raise a "presumption of prosecutorial vindictiveness," which the State must rebut or face dismissal of the charges; or 2) proof of "actual vindictiveness"- that is, direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right. *Id*. (internal citations omitted). Reese bases his claim on the second method of proof, actual vindictiveness.

To establish a claim of actual vindictiveness, a defendant must prove, with objective evidence, that the prosecutor's charging decision was a "direct and unjustifiable penalty" that resulted "solely from the defendant's exercise of a protected legal right." *Neal v. State*, 150 S.W.3d at 174. (internal citations omitted). Under this method of proof, the defendant shoulders the burden of both production and persuasion, unaided by any legal presumption. *Id*. The trial judge decides the ultimate factual issue based upon the evidence and credibility determinations. *Id*. at 174-175. The State may stand mute unless and until the defendant carries his burden of proof.

*Id.* We note that the charging decision in this proceeding was made prior to the conduct Reese alleges is proof of prosecutorial vindictiveness.

But, just as in *Neal*, Reese has not preserved his claim for review. *See Neal v. State*, 150 S.W.3d at 175. Although Reese points to two hearings[1] where he informed the trial court that he wanted the prosecutor removed from the case and to a pro se motion for speedy trial where he mentioned that the prosecutor was vindictive in his prosecution of an earlier case, Reese did not let the trial court know with sufficient specificity that his complaint was that the prosecutor's charging decision *in this case* was a direct and unjustifiable penalty that resulted solely from Reese's exercise of a protected legal right. *See* TEX. R. APP. P. 33.1(a)(1)(A). The trial court was not asked to decide whether Reese met his burden of proof and if so, did not then put the State on notice that it had to justify its actions. Reese has not preserved this issue for review, and it is overruled.

## SPEEDY TRIAL

In his second issue, Reese contends that his conviction should be reversed and a judgment rendered of acquittal because he was denied his constitutional right to a speedy trial.

The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing *Zamorano v. State*, 84 S.W.3d 643, 647 (Tex. Crim. App. 2002)). Supreme Court

---

[1] Reese wanted the Court to consider two more hearings from different proceedings. Because we denied his motions to supplement the record with reporter's records from those hearings, those hearings are not a part of this record for review. Even if the record was supplemented with those hearings, his claim would still not be preserved.

precedent requires state courts to analyze federal constitutional speedy-trial claims "on an ad hoc basis" by weighing and then balancing the four *Barker v. Wingo*[2] factors: 1) length of the delay, 2) reason for the delay, 3) assertion of the right, and 4) prejudice to the accused.  *Id*.  While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right and showing prejudice.  *Id*.  The four factors are related and must be considered together along with any other relevant circumstances.  *Id*. at 281.  Courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed.  *Id*.

### Standard of Review

"In reviewing the trial court's ruling on appellant's federal constitutional speedy trial claim, we apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a de novo standard for the legal components." *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).  Under the abuse of discretion standard, appellate courts defer not only to a trial judge's resolution of disputed facts, but also to his right to draw reasonable inferences from those facts. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).  The trial judge may completely disregard a witness's testimony, based on credibility and demeanor evaluations, even if that testimony is uncontroverted.  *Id*.  And all of the evidence must be viewed in the light most favorable to his ultimate ruling.  *Id*.

---

[2] 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

As a general rule, an appellate court reviewing a trial court's ruling on a motion to dismiss for want of a speedy trial must do so in light of the arguments, information, and evidence that was available to the trial court at the time it ruled. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).

*The Hearing*

On January 17, 2008, the trial court brought Reese into court because on the day before, Reese had filed two pro-se motions, a writ of habeas corpus alleging a speedy trial complaint and a "Motion to Set Aside Indictment for Failure to Provide Speedy Trial." Reese had also "filed some pro se letters to the court alleging that [his] right to a speedy trial has been violated…." A hearing took place on those motions. The case had been transferred to this particular court only three days before the hearing. Further, neither party asked the court to take judicial notice of what was in the court's file, nor admitted into evidence what had occurred in the district court where the indictment was originally filed. Throughout the hearing, the trial court assured Reese he would get a speedy trial and set the trial for the next week. After the hearing, Reese's motions were denied.

*Length of the Delay*

The length of the delay is measured from the time the defendant is arrested or formally accused. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). This factor is, to some extent, a triggering mechanism, so that a speedy trial claim will not even be heard until passage of a period of time that is, on its face, unreasonable under the circumstances. *Id*. (citing *Doggett v. United States*, 505 U.S. 647, 651-652, 120 L. Ed. 2d

520, 112 S. Ct. 2686 (1992); *Barker v. Wingo*, 407 U.S. at 530). In general, courts deem a delay approaching one year to be unreasonable enough to trigger the *Barker* inquiry. *Dragoo v. State*, 96 S.W.3d at 313.

Prior to any discussion about the motions filed by Reese, the trial court confirmed that Reese had been represented for about two years by the same counsel and prior to that he had been represented by different counsel. Reese stated that the case had been pending almost three years. It appears from the record that the parties were in agreement that the case had been pending a long time.

A delay of almost three years is long enough to trigger the *Barker* inquiry and weighs against the State.

### *Reason for the Delay*

When a court assesses the second *Barker* factor, "different weights should be assigned to different reasons" for the delay. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). A valid reason for the delay should not be weighed against the government at all. *State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999) (citing *Barker v. Wingo*, 407 U.S. at 531 (valid reason for the delay "should serve to justify appropriate delay")). And delay which is attributable in whole or in part to the defendant may even constitute a waiver of a speedy trial claim. *Id*. (citing *Dickey v. Florida*, 398 U.S. 30, 90 S. Ct. 1564, 26 L. Ed. 2d 26, 38 (1970) (Brennan, J., concurring) (defendant may be "disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility")).

In response to Reese's statement to the court that the case had been pending almost three years, the State explained that part of the delay was Reese's trial for felony bail jumping. Another part of the delay was that they had to go to Illinois to retrieve Reese. The State further explained that Reese had asked for resets or continuances so his attorney could obtain additional information. Reese's counsel agreed that he filed some continuances on Reese's behalf earlier in the proceeding. He also stated that since August, there had been other cases pending in the previous district court that had been specially set, such as three murder trials and aggravated sexual assault trials, which caused this case not to be tried. The trial court commented that it understood how that could happen.

Based on the statements made in court, the trial court could have determined that Reese shared in the responsibility for the delay of his trial. Thus, this factor weighs in favor of the State.

### *Assertion of the Right*

A defendant has the responsibility to assert his right to a speedy trial. *Cantu v. State*, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008). The lack of a timely demand for a speedy trial strongly indicates that a defendant did not really want a speedy trial and that he was not prejudiced by lack of one. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). Inaction weighs more heavily against a violation the longer the delay becomes. *Id*. (citing G. Dix & R. Dawson, Texas Criminal Practice and Procedure § 23.40 (2d ed. 2001)). Filing for a dismissal instead of a speedy trial will generally weaken a

speedy-trial claim because it shows a desire to have no trial instead of a speedy one. *Cantu v. State*, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008).

Only a day before the hearing, Reese filed two pro-se motions, a writ of habeas corpus alleging a speedy trial complaint and a "Motion to Set Aside Indictment for Failure to Provide Speedy Trial." The trial court stated that Reese had also "filed some pro se letters to the court alleging that your right to a speedy trial has been violated…," but no time frame was given for those letters and it is unclear as to what "letters" the trial court was referring. If any earlier requests for a speedy trial were made, Reese did not bring those requests to the trial court's attention. On appeal, Reese points to veiled references to the amount of time he had spent in jail to the court in which this proceeding was originally filed. These references were not before the trial court that decided the pro se motions and do not affirmatively assert Reese's right to a speedy trial.

Further, when Reese was told a trial would be set for the next week, which was January 22, 2008, counsel explained that because he was currently trying a murder case, Reese wanted to start his trial on the 28th or 29th so that counsel could look into some things. "[H]e wants a speedy trial but wants to give me that week after this trial to properly prepare." RR V at pg. 6.

Reese delayed in asserting his right to a speedy trial. He then asked for a dismissal rather than a speedy trial. Further, when a trial was set, Reese wanted to wait another week. The trial court could have believed that Reese did not really want a speedy trial. This factor weighs against Reese.

*Prejudice to the Accused*

When a court assesses the final *Barker* factor, it must do so in light of the interests of defendants which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit the possibility that the accused's defense will be impaired. *Barker v. Wingo*, 407 U.S. at 532; *Dragoo v. State*, 96 S.W.3d 308, 316 (Tex. Crim. App. 2003).

As is obvious by the fact that Reese was brought back to Texas from Illinois, he was not detained in Texas the entire period between indictment and trial. Nevertheless, Reese complained that by being in jail so long, he was broke and had lost everything. Reese further complained that he had two witnesses who had passed away. He claimed that the witnesses were with him the night the offense for possession of a controlled substance took place. He contended that he was not going to get a fair trial because of the delay. The prosecutor for the State responded that this was the first time he had heard about additional witnesses for the possession case. The prosecutor stated that Reese had alleged the same thing, that someone had passed away, in the felony bail jumping case; but in the drug case, the prosecutor did not believe any one else, other than the State's witnesses, was present at the time of the offense. Further, Reese did not identify with specificity who had died or how their testimony would have assisted in his defense.

The trial court could have disbelieved Reese's assertion that he had witnesses who could not now testify. But because Reese had been in jail so long, this factor only weighs slightly in favor of Reese.

*Balancing*

In balancing the four factors, we find that although the delay was lengthy and Reese had been in jail for an extensive period of time, Reese contributed to the delay, he did not really want a speedy trial, and the prejudice to him was slight. Therefore, when balanced together, the weight of the four factors is against a finding of a violation of Reese's right to a speedy trial.

The trial court did not err in denying Reese's motions, and Reese's second issue is overruled.

## COURT COSTS

In his third issue, Reese asserts that by an order signed on January 31, 2008, the trial court violated his due process rights by notifying the Texas Department of Criminal Justice—Institutional Division to debit Reese's inmate account for court costs without giving him *prior* notice. Reese does not challenge the amount of the cost assessed against him, only the method by which TDCJ—ID was notified to debit his inmate account for the cost assessed.

Reese's entire argument is based solely on this Court's opinion in *In re Keeling*, where a majority of this Court held that, in a criminal mandamus proceeding, a court's order notifying TDCJ—ID to debit an inmate's trust account for cost violated the inmate's right to due process and was void. *See In re Keeling*, 227 S.W.3d 391 (Tex.

App.—Waco 2007, orig. proceeding).  However, recently, the Court of Criminal Appeals has held that the particular complaint made by Reese and made by the inmate in *Keeling* is not a criminal law matter.  *In re Johnson*, ___S.W.3d ___, No. AP-75,898, 2008 Tex. Crim. App. LEXIS 1628 (Tex. Crim. App. Oct. 29, 2008).  Therefore, because Reese's complaint is not a criminal law matter, this issue is not properly before us; and we will not dispose of the issue in this criminal appeal.  We dismiss this issue.

<h2 align="center">CONCLUSION</h2>

Having disposed of all issues properly before us, we affirm the trial court's judgment of conviction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed February 11, 2009
Do not publish
[CR25]