

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-08-00087-CV

## IN RE RICHARD D. ROSIN

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

Relator Richard Rosin, a pro se prison inmate, seeks mandamus relief regarding the trial court's failure to rule on his postjudgment "motion to rescind court order of September 21, 2006." We will conditionally grant mandamus relief.

The underlying civil lawsuit is between Marqueth Wilson, another inmate, and Rosin. Wilson sued Rosin, and the trial court entered a summary judgment against Rosin that awarded Wilson $11,500. On the same date of the summary judgment, the trial court entered an order for the payment of the judgment by directing the Texas Department of Criminal Justice to make monthly percentage withdrawals from Rosin's inmate trust account and to forward those withdrawals to Wilson's inmate trust

account.[1]  Rosin claims that he first learned of this order and of withdrawals ($82.00) being made to pay the judgment when, in January of 2007, he made a commissary purchase, and further when his inmate trust account statement on March 1, 2007 reflected the $82.00 in withdrawals from his account to pay the judgment.

On October 31, 2007, Rosin filed his "motion to rescind court order of September 21, 2006," asking the trial court to rescind its order directing the withdrawal of his inmate trust account funds to pay the judgment.  Rosin's motion asserts that section 14.006 does not apply to a civil inmate defendant and, citing *Abdullah v. State*, 211 S.W.3d 938 (Tex. App.—Texarkana 2007, no pet.), that the entry of the September 21, 2006 order without notice and an opportunity to be heard violates due process.

In January of 2008, Rosin filed a "motion to rule," asserting that the trial court had, to that date, failed to rule on his October 31, 2007 motion to rescind and that the trial court's failure to rule was causing him harm.  Rosin then filed this petition for writ of mandamus in March of 2008, complaining about the trial court's refusal to rule on his motion to rescind and about the alleged voidness of the September 21, 2006 order.  We requested a response from the trial court and Wilson.  Only Wilson responded; his response does not address the trial court's failure to rule on Rosin's motion to rescind.

We will grant mandamus relief if there has been an abuse of discretion and the relator has no adequate remedy by appeal.  *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135-

---

[1]  The order cites Civil Practice and Remedies Code section 14.006 as its authority.  That section provides in pertinent part:  "A court may order an inmate *who has filed a claim* to pay court fees, court costs, and other costs in accordance with this section and Section 14.007."  TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a) (Vernon 2002) (emphasis added); *see also id.* § 14.007.  In the underlying case, Wilson—not Rosin—filed a claim.

38 (Tex. 2004) (orig. proceeding). A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Martinez Ramirez,* 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See Chavez,* 62 S.W.3d at 228. Whether the judge has acted within a "reasonable" period of time depends on the circumstances of the case. S*ee Martinez Ramirez,* 994 S.W.2d at 684.

As of the filing of Rosin's mandamus petition in March 2008, his October 31, 2007 motion to rescind had been on file for five months. It has now been on file for about twelve months. His January 2008 motion to rule, requesting Respondent to rule on the motion to rescind, was made about nine months ago. Under the circumstances alleged by Rosin, Respondent has had a reasonable time to rule on Rosin's motion to rescind. *See id.*

We conditionally grant Rosin's petition for writ of mandamus. The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has ruled on Rosin's motion to rescind.


BILL VANCE
Justice

Before Chief Justice Gray,
	Justice Vance, and
	Justice Reyna
	(Chief Justice Gray dissents)*
Petition granted and writ conditionally issued
Opinion delivered and filed November 5, 2008
[OT06]

*(Chief Justice Gray dissents.  A separate opinion will not issue.  He notes, however, that his "Dissent to Request for a Response" explains the primary reasons for his dissent to the Court's memorandum opinion.  *See In re Rosin*, 256 S.W.3d 925 (Tex. App.—Waco 2008, orig. proceeding) (Gray, C.J., Dissent to Request for a Response).  For the convenience of the reader, the text of that dissent is set out in full as follows.

---

## DISSENT TO REQUEST FOR A RESPONSE

---

This proceeding, as a mandamus proceeding, suffers from a number of problems, including service on the parties and persons who will be directly affected by the Court's judgment, the availability of a number of remedies by direct appeal or other method of review to attack the validity of the "order," as well as the fact that what is denominated as an "order" may be nothing more than the "notice" required by the statute.  *See* TEX. GOV'T CODE ANN. § 501.014(e)(4) (Vernon 2004).

I would deny the petition.

But if I was going to request a response, I would expand the list of persons from whom a response is sought and make sure that the legal issues were fully briefed, which may include appointing counsel, if needed, for parties and interested persons that may otherwise be pro se.

### PROCEDURAL PROBLEM -- INDIGENCE

In this proceeding we have before us a petition to compel a trial court to rule on a motion to withdraw an "order."  The "order" the inmate wants withdrawn is an "order" to withhold payment of a judgment from the inmate's account which is administered by the Texas Department of Criminal Justice (TDCJ).  Because the filing fee was not paid and the inmate asserted he was unable to pay it, this Court's Clerk attempted to perform her duties to set a deadline by which the inmate's indigency could be contested.  *See* TEX. R. APP. P. 20.1.  The problem is that the Relator has not served the real-party-in-interest or the respondent with anything in the course of this original proceeding, nor has the Court complied with the rule requiring that the notices it sends be sent to all parties.  *See* TEX. R. APP. P. 6.3, 52.2.  The real-party-in-interest is readily identified in the documents.

If I was going to proceed as the Court has attempted to, I would first see to it that the real-party-in-interest received a copy of the Relator's declaration of inability to pay

costs and provide the real-party-in-interest with notice of a date specific by which it must be contested (the Clerk did this with regard to the other parties but not the real-party-in-interest). I would then decide the Relator's indigency status. Thereafter, I would proceed as may be appropriate based upon that ruling.

## DENY THE PETITION

But I would approach the disposition of this proceeding entirely differently than what the Court is doing. I would deny the petition and write off the unpaid filing fee.[1]

What the petitioner is trying to accomplish by this proceeding is a collateral attack on the underlying judgment. There are a number of proper methods to possibly accomplish this, but the method chosen by Rosin is not one of them. The trial court has no duty to rule on a motion such as the one filed by Rosin: a motion to withdraw an "order." At this Court, as I suspect at most courts, we receive motions or requests filed in a proceeding long after the proceeding is over. We have no particular duty to rule on these requests.

I note that in the proceeding in which the underlying motion was filed, Rosin suffered a summary judgment against him in a civil suit filed by another inmate. In the course of that proceeding, Rosin has enjoyed all the protections that due process afforded. If not, he had the right to assert a complaint about the absence or violation of due process. Further, from that civil proceeding, Rosin could have appealed; or, if he had not participated in the trial, he could have presented a direct attack on appeal by a restricted appeal; or failing that, he could have challenged the judgment by a bill-of-review. He apparently did none of this to protect himself from the enforcement of the judgment.

Now, the trial court has sent an "order" to the TDCJ to pay the judgment out of Rosin's inmate account. The "order" appears to be pursuant to section 501.014 of the Texas Government Code. TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004). This Court has held that such an "order" is void because it is rendered without the due process protections afforded to the owner of the account. *In re Keeling*, 227 S.W.3d 391 (Tex. App.—Waco 2007, orig. proceeding). In none of the proceedings in which the Court initially drew this conclusion did this Court have the benefit of briefing by the parties, or amicus curiae briefs, of the relevant issues. *In re Martinez*, 238 S.W.3d 601, 603 (Tex. App.—Waco 2007, orig. proceeding) (Chief Justice Gray in concurring note to opinion noting that this was the first proceeding in which the Court had been provided any substantive briefing on the issue). And once we were provided some briefing on the issue in a subsequent proceeding, the Court declined to address the issues as raised and briefed. *Id.*

The propriety of this Court's holding in *Keeling* is currently pending before the Court of Criminal Appeals in a mandamus proceeding filed against this Court. *In Re Johnson*, AP-75, 898 (Tex. Crim. App. writ filed April 8, 2008). In that proceeding, for the first time, the issues briefed are being considered by an appellate court. In that

---

[1] When I initially suggested this approach, the Court elected to hold this proceeding, in addition to another one, pending the disposition of *In Re Johnson*, AP-75,898, by the Court of Criminal Appeals. Thus I was surprised to see the Court now moving it forward toward a disposition.

proceeding, there are briefs from the inmate represented by appointed counsel, the District Judge represented by the District Attorney of McLennan County, and even an amicus curiae brief on the issue from the TDCJ. In reviewing that briefing on this issue, and having heard the oral arguments made to the Court of Criminal Appeals in that proceeding, I am now convinced that this Court, including myself in my dissenting and concurring opinions and notes, missed the most fundamental of all of the issues: the section of the Government Code relied upon by the trial court to render these "orders" is based on the fact that a judgment is already in place. *See* Tex. Gov't Code Ann. § 501.014(e) (Vernon 2004). Unless the validity of that judgment is properly attacked, we should not question its validity. More fundamentally, this is nothing more than the collection of a judgment. The TDCJ is not in the position to contest the inmate's obligation owed under the judgment upon which the "order" is based.

Assuming that the underlying judgment is valid, we should move to the question of the validity of the actions taken to collect the judgment. Because we must assume the validity of the underlying judgment, and because TDCJ is, at most, nothing more than the agent of the inmate, TDCJ has no defense to assert for the non-payment of the inmate's funds to satisfy the judgment the inmate owes. These are not garnishment proceedings in the traditional sense and as I have previously argued.

The very limited role of TDCJ to act as the inmate's agent to pay the inmate's already established lawful debt after the full protections of due process have been utilized is highlighted by the fact that the statute does not even require an "order" by the trial court to the TDCJ for the TDCJ to pay the judgment out of the inmate's account. Tex. Gov't Code Ann. § 501.014(e) (Vernon 2004). Because of the existence and presumed validity of the judgment against the inmate, all the trial court need do under the referenced section is to notify TDCJ of the judgment, whereupon TDCJ is authorized to withdraw the full amount necessary to pay the judgment. *Id.* It is my understanding that the percentage collection procedure described in the "order" is solely due to the limitation on TDCJ's information system which is programmed for compliance only with a Chapter 14 collection procedure for having filed frivolous inmate litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.006 (Vernon 2002). But the inclusion of this staggered collection methodology in the notice ("order") does not make the notice ("order") void as previously held by this Court.

The inmate had due process leading up to the rendition of the judgment. The trial court need only notify the agent of the inmate, TDCJ as the holder of the inmate's funds, which the agent is to pay on the judgment from the funds in the inmate's account. Tex. Gov't Code Ann. § 501.014(a), (e) (Vernon 2004). This is not a trust account, nor is it even an account held pursuant to a contract like a regular bank account.

Accordingly, I would deny the petition.

## FROM WHOM TO REQUEST RESPONSES

But, as I said previously, if I was going to request a response, I would expand the list of persons or entities from whom or which a response is sought.

This proceeding is substantially different than *In re Keeling* and its progeny. The

judgment which underlies this proceeding resulted from a suit by one inmate against another and is not about the collection of just court costs in a criminal proceeding from an inmate. One problem is that the inmate to which the money was transferred may no longer have the money, so if it must be returned, it may have to be paid out of the Texas Department of Criminal Justice's budget. That implicates issues not previously addressed in this type proceeding. If a response is to be requested, at the very least, the TDCJ should also be asked to file a response.[2]

Additionally, this entire line of proceedings arises out of a recent effort by the legislature to increase the collection of court costs and fines. Under this legislation, the Office of Courts Administration (OCA) drafted the order being used all across the State. Thus, if I was going to try to write on the issues of the mandamus, I would also ask the OCA to file a brief on the issues.

Finally, as this issue may implicate as many as 14,000 "orders" entered in this State against persons who have little or no financial ability to hire an attorney to represent them, I would determine whether suitable representation could be found, either pro bono or appointed, to represent the interests of persons who may be impacted by what we do here.

With these comments, I respectfully dissent to the request for a response.)

---

[2] I note that the issue is also currently before the Texas Supreme Court in *Herrell v. State*, No. 07-06-00469-CR & 07-06-00470-CR, ___ S.W.3d ___ (Tex. App.—Amarillo Aug. 13, 2007, pet. filed (07-0806)). A copy of the TDCJ's amicus brief filed in *In re Johnson* was recently filed by the Attorney General on behalf of the TDCJ in *Herrell*.