IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00087-CV

 

In re
Richard D. Rosin

 

 



Original Proceeding

 

 



 memorandum Opinion



 

            Relator Richard Rosin, a pro se prison inmate, seeks mandamus relief
regarding the trial court’s failure to rule on his postjudgment “motion to
rescind court order of September 21, 2006.”  We will conditionally grant
mandamus relief.

            The underlying civil lawsuit is
between Marqueth Wilson, another inmate, and Rosin.  Wilson sued Rosin, and the
trial court entered a summary judgment against Rosin that awarded Wilson $11,500.  On the same date of the summary judgment, the trial court entered an order
for the payment of the judgment by directing the Texas Department of Criminal
Justice to make monthly percentage withdrawals from Rosin’s inmate trust
account and to forward those withdrawals to Wilson’s inmate trust account.[1] 
Rosin claims that he first learned of this order and of withdrawals ($82.00)
being made to pay the judgment when, in January of 2007, he made a commissary
purchase, and further when his inmate trust account statement on March 1, 2007
reflected the $82.00 in withdrawals from his account to pay the judgment.

            On October 31, 2007, Rosin filed his
“motion to rescind court order of September 21, 2006,” asking the trial court
to rescind its order directing the withdrawal of his inmate trust account funds
to pay the judgment.  Rosin’s motion asserts that section 14.006 does not apply
to a civil inmate defendant and, citing Abdullah v. State, 211 S.W.3d
938 (Tex. App.—Texarkana 2007, no pet.), that the entry of the September 21,
2006 order without notice and an opportunity to be heard violates due process.

            In January of 2008, Rosin filed a
“motion to rule,” asserting that the trial court had, to that date, failed to
rule on his October 31, 2007 motion to rescind and that the trial court’s
failure to rule was causing him harm.  Rosin then filed this petition for writ
of mandamus in March of 2008, complaining about the trial court’s refusal to
rule on his motion to rescind and about the alleged voidness of the September
21, 2006 order.  We requested a response from the trial court and Wilson.  Only Wilson responded; his response does not address the trial court’s failure to
rule on Rosin’s motion to rescind.

We will grant mandamus relief if there has been an
abuse of discretion and the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co., 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding).
 A trial judge has a reasonable time to perform the ministerial duty of considering
and ruling on a motion properly filed and before the judge.  In re Chavez,
62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); In re Martinez Ramirez, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig.
proceeding).  But that duty generally does not arise until the movant has
brought the motion to the trial judge’s attention, and mandamus will not lie
unless the movant makes such a showing and the trial judge then fails or
refuses to rule within a reasonable time.  See Chavez, 62 S.W.3d
at 228.  Whether the judge has acted within a “reasonable” period of time
depends on the circumstances of the case.  See Martinez
Ramirez, 994 S.W.2d at 684.

As of the filing of Rosin’s mandamus petition in
March 2008, his October 31, 2007 motion to rescind had been on file for five
months.  It has now been on file for about twelve months.  His January 2008
motion to rule, requesting Respondent to rule on the motion to rescind, was
made about nine months ago.  Under the circumstances alleged by Rosin,
Respondent has had a reasonable time to rule on Rosin’s motion to rescind.  See
id.

We conditionally grant Rosin’s petition for writ
of mandamus.  The writ will issue only if Respondent fails to advise this Court
in writing within fourteen days after the date of this opinion that he has
ruled on Rosin’s motion to rescind.

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray dissents)*

Petition
granted and writ conditionally issued

Opinion
delivered and filed November 5, 2008

[OT06]








            

*(Chief Justice Gray dissents.  A separate opinion
will not issue.  He notes, however, that his "Dissent to Request for a
Response" explains the primary reasons for his dissent to the Court's
memorandum opinion.  See In re Rosin, 256 S.W.3d 925 (Tex. App.—Waco
2008, orig. proceeding) (Gray, C.J., Dissent to Request for a Response).  For
the convenience of the reader, the text of that dissent is set out in full as
follows.

______________________________________________________________________________

DISSENT TO REQUEST FOR A RESPONSE

______________________________________________________________________________

 

            This
proceeding, as a mandamus proceeding, suffers from a number of problems,
including service on the parties and persons who will be directly affected by
the Court’s judgment, the availability of a number of remedies by direct appeal
or other method of review to attack the validity of the “order,” as well as the
fact that what is denominated as an “order” may be nothing more than the
“notice” required by the statute.  See Tex.
Gov’t Code Ann. §
501.014(e)(4) (Vernon 2004).  

            I
would deny the petition.  

            But
if I was going to request a response, I would expand the list of persons from
whom a response is sought and make sure that the legal issues were fully
briefed, which may include appointing counsel, if needed, for parties and
interested persons that may otherwise be pro se.  

Procedural Problem -- Indigence

            In
this proceeding we have before us a petition to compel a trial court to rule on
a motion to withdraw an “order.”  The “order” the inmate wants withdrawn is an
“order” to withhold payment of a judgment from the inmate’s account which is
administered by the Texas Department of Criminal Justice (TDCJ).  Because the
filing fee was not paid and the inmate asserted he was unable to pay it, this
Court’s Clerk attempted to perform her duties to set a deadline by which the
inmate’s indigency could be contested.  See Tex. R. App. P. 20.1.  The problem is that the Relator has
not served the real-party-in-interest or the respondent with anything in the
course of this original proceeding, nor has the Court complied with the rule
requiring that the notices it sends be sent to all parties.  See Tex. R. App. P. 6.3, 52.2.  The
real-party-in-interest is readily identified in the documents.  

            If
I was going to proceed as the Court has attempted to, I would first see to it
that the real-party-in-interest received a copy of the Relator’s declaration of
inability to pay costs and provide the real-party-in-interest with notice of a
date specific by which it must be contested (the Clerk did this with regard to
the other parties but not the real-party-in-interest).  I would then decide the
Relator’s indigency status.  Thereafter, I would proceed as may be appropriate
based upon that ruling. 

Deny the Petition

            But
I would approach the disposition of this proceeding entirely differently than
what the Court is doing.  I would deny the petition and write off the unpaid
filing fee.[2]  

            What
the petitioner is trying to accomplish by this proceeding is a collateral
attack on the underlying judgment.  There are a number of proper methods to
possibly accomplish this, but the method chosen by Rosin is not one of them. 
The trial court has no duty to rule on a motion such as the one filed by
Rosin:  a motion to withdraw an “order.”  At this Court, as I suspect at most
courts, we receive motions or requests filed in a proceeding long after the
proceeding is over.  We have no particular duty to rule on these requests.  

            I
note that in the proceeding in which the underlying motion was filed, Rosin
suffered a summary judgment against him in a civil suit filed by another
inmate.  In the course of that proceeding, Rosin has enjoyed all the
protections that due process afforded.  If not, he had the right to assert a
complaint about the absence or violation of due process.  Further, from that
civil proceeding, Rosin could have appealed; or, if he had not participated in
the trial, he could have presented a direct attack on appeal by a restricted
appeal; or failing that, he could have challenged the judgment by a
bill-of-review.  He apparently did none of this to protect himself from the
enforcement of the judgment.  

            Now,
the trial court has sent an “order” to the TDCJ to pay the judgment out of
Rosin’s inmate account.  The “order” appears to be pursuant to section 501.014
of the Texas Government Code.  Tex.
Gov’t Code Ann. §
501.014(e) (Vernon 2004).  This Court has held that such an “order” is void
because it is rendered without the due process protections afforded to the
owner of the account.  In re Keeling, 227 S.W.3d 391 (Tex. App.—Waco
2007, orig. proceeding).  In none of the proceedings in which the Court
initially drew this conclusion did this Court have the benefit of briefing by
the parties, or amicus curiae briefs, of the relevant issues.  In re
Martinez, 238 S.W.3d 601, 603 (Tex. App.—Waco 2007, orig. proceeding)
(Chief Justice Gray in concurring note to opinion noting that this was the
first proceeding in which the Court had been provided any substantive briefing
on the issue).  And once we were provided some briefing on the issue in a
subsequent proceeding, the Court declined to address the issues as raised and
briefed.  Id.

            The
propriety of this Court’s holding in Keeling is currently pending before
the Court of Criminal Appeals in a mandamus proceeding filed against this
Court.  In Re Johnson, AP-75, 898 (Tex. Crim. App. writ filed April 8, 2008).  In that proceeding, for the first time, the issues briefed are being
considered by an appellate court.  In that proceeding, there are briefs from
the inmate represented by appointed counsel, the District Judge represented by
the District Attorney of McLennan County, and even an amicus curiae brief on
the issue from the TDCJ.  In reviewing that briefing on this issue, and having
heard the oral arguments made to the Court of Criminal Appeals in that
proceeding, I am now convinced that this Court, including myself in my
dissenting and concurring opinions and notes, missed the most fundamental of
all of the issues:  the section of the Government Code relied upon by the trial
court to render these “orders” is based on the fact that a judgment is already
in place.  See Tex. Gov’t Code
Ann. § 501.014(e) (Vernon 2004). 
Unless the validity of that judgment is properly attacked, we should not
question its validity.  More fundamentally, this is nothing more than the
collection of a judgment.  The TDCJ is not in the position to contest the
inmate’s obligation owed under the judgment upon which the “order” is based.  

            Assuming
that the underlying judgment is valid, we should move to the question of the
validity of the actions taken to collect the judgment.  Because we must assume
the validity of the underlying judgment, and because TDCJ is, at most, nothing
more than the agent of the inmate, TDCJ has no defense to assert for the
non-payment of the inmate’s funds to satisfy the judgment the inmate owes. 
These are not garnishment proceedings in the traditional sense and as I have
previously argued.

            The
very limited role of TDCJ to act as the inmate’s agent to pay the inmate’s
already established lawful debt after the full protections of due process have
been utilized is highlighted by the fact that the statute does not even require
an “order” by the trial court to the TDCJ for the TDCJ to pay the judgment out
of the inmate’s account.  Tex. Gov’t
Code Ann. § 501.014(e)
(Vernon 2004).  Because of the existence and presumed validity of the judgment
against the inmate, all the trial court need do under the referenced section is
to notify TDCJ of the judgment, whereupon TDCJ is authorized to withdraw the
full amount necessary to pay the judgment.  Id.  It is my understanding
that the percentage collection procedure described in the “order” is solely due
to the limitation on TDCJ’s information system which is programmed for
compliance only with a Chapter 14 collection procedure for having filed
frivolous inmate litigation. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.006 (Vernon 2002).  But the
inclusion of this staggered collection methodology in the notice (“order”) does
not make the notice (“order”) void as previously held by this Court.

            The
inmate had due process leading up to the rendition of the judgment.  The trial
court need only notify the agent of the inmate, TDCJ as the holder of the
inmate’s funds, which the agent is to pay on the judgment from the funds in the
inmate’s account.  Tex. Gov’t Code
Ann. § 501.014(a), (e) (Vernon
2004).  This is not a trust account, nor is it even an account held pursuant to
a contract like a regular bank account.

            Accordingly,
I would deny the petition.

From Whom to Request
Responses

            But,
as I said previously, if I was going to request a response, I would expand the
list of persons or entities from whom or which a response is sought.

            This
proceeding is substantially different than In re Keeling and its
progeny.  The judgment which underlies this proceeding resulted from a suit by
one inmate against another and is not about the collection of just court costs
in a criminal proceeding from an inmate.  One problem is that the inmate to
which the money was transferred may no longer have the money, so if it must be
returned, it may have to be paid out of the Texas Department of Criminal
Justice’s budget.  That implicates issues not previously addressed in this type
proceeding.  If a response is to be requested, at the very least, the TDCJ
should also be asked to file a response.[3]

            Additionally,
this entire line of proceedings arises out of a recent effort by the
legislature to increase the collection of court costs and fines.  Under this
legislation, the Office of Courts Administration (OCA) drafted the order being
used all across the State.  Thus, if I was going to try to write on the issues
of the mandamus, I would also ask the OCA to file a brief on the issues.

            Finally,
as this issue may implicate as many as 14,000 “orders” entered in this State
against persons who have little or no financial ability to hire an attorney to
represent them, I would determine whether suitable representation could be
found, either pro bono or appointed, to represent the interests of persons who
may be impacted by what we do here.

            With
these comments, I respectfully dissent to the request for a response.)

 









[1]  The order cites Civil Practice and Remedies Code
section 14.006 as its authority.  That section provides in pertinent part:  “A
court may order an inmate who has filed a claim to pay court fees, court
costs, and other costs in accordance with this section and Section 14.007.”  Tex. Civ. Prac. & Rem. Code Ann. §
14.006(a) (Vernon 2002) (emphasis added); see also id. § 14.007.  In the
underlying case, Wilson—not Rosin—filed a claim.





[2]  When I initially suggested this approach, the
Court elected to hold this proceeding, in addition to another one, pending the
disposition of In Re Johnson, AP-75,898, by the Court of Criminal
Appeals.  Thus I was surprised to see the Court now moving it forward toward a
disposition.  





[3]  I note that the issue is also currently before
the Texas Supreme Court in Herrell v. State, No. 07-06-00469-CR & 07-06-00470-CR, ___ S.W.3d ___ (Tex. App.—Amarillo Aug. 13, 2007, pet. filed (07-0806)).  A copy of the TDCJ’s amicus brief filed in In re Johnson was
recently filed by the Attorney General on behalf of the TDCJ in Herrell.