IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00157-CV

 

Hernando Ramirez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-745-C

 



Opinion










 

            Hernando Ramirez attempts to appeal
the trial court’s order of withdrawal of court costs and fees from Ramirez’s
inmate account.[1]  Tex. Gov’t Code Ann. § 501.014(e)
(Vernon Supp. 2009).  The Clerk of this Court notified Ramirez that we
questioned our jurisdiction because it appeared there was no appealable order. 
Ramirez responded that the trial court’s order for withdrawal is final and that
he is being denied his property without due process of law.  Because we
disagree with Ramirez about the finality of the trial court’s order, we dismiss
the appeal.

            There is no final order to be
appealed.  Although called an “order,” the document Ramirez is seeking to have
reviewed is nothing more than the notice to the Texas Department of Criminal
Justice that a judgment has been rendered against Ramirez and that, pursuant to
the statute, the Department should withdraw money from his inmate account.  Tex. Gov’t Code Ann. § 501.014(e)
(Vernon Supp. 2009).  As the statute states: 

On notification by a court, the department
shall withdraw from an inmate's account any amount the inmate is ordered to pay
by order of the court under this subsection. . .  The department shall make a
payment under this subsection as ordered by the court to either the court or
the party specified in the court order.  The department is not liable for
withdrawing or failing to withdraw money or making payments or failing to make
payments under this subsection. . . . 

 

Id. (emphasis added); see also In re Rosin,
256 S.W.3d 925, 925 (Tex. App.—Waco 2008, C.J. Gray dissenting to request for
response).

             When the required notice of
withdrawal of money from an inmate account is sent to the Texas Department of
Criminal Justice, regardless of its form, the inmate has an opportunity to be
heard by the trial court about the amount to be withdrawn.  See Harrell
v. State, 286 S.W.3d 315, 321 (Tex. 2009).  This “opportunity” to be heard
does not have to be before the notice is provided to the inmate to fulfill the
minimum requirements of due process.  As the Texas Supreme Court stated, “We
hold an inmate is entitled to notice just as happened here (via copy of the
order, or other notification, from the trial court) and an opportunity to be
heard just as happened here (via motion made by the inmate [directed to the
trial court]) -- but neither need occur before the funds are withdrawn. 
Moreover, appellate review should be by appeal, as in analogous civil
post-judgment enforcement actions.”  Id.  

            Ramirez has not filed anything in the
trial court asking for an opportunity to be heard regarding the amount of money
to be withdrawn from his inmate account.  If he has not already had the
opportunity to challenge the specific amount of the judgment to be withdrawn
from his account, such as by direct appeal of the original judgment, Ramirez’s
review of the trial court’s action will be after he has challenged the court’s
notice/order by motion, thus giving the trial court the opportunity to correct
it if it is erroneous or thereby preserve the error for appellate review.  Only
when properly challenged and denied relief is there a trial court order that is
final from which the inmate, Ramirez, can appeal.  Thus, at this juncture, he
has no adverse ruling for this Court to review.

            Accordingly, this appeal is dismissed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed 

Opinion
delivered and filed May 19, 2010

[CV06]









[1] 
Courts have frequently referred to these as inmate “trust” accounts.  The term
“trust” has been removed from their statutory references.  Act of 1989, 71st
Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, §§ 8.10, 19.02(8), eff.  Sept. 1, 1999 (current version at Tex. Gov’t Code Ann. § 501.014 (Vernon
Supp. 2009)).  They are simply inmate accounts.  While there may be a custodial
relationship between the Department and the inmate as to the money in the
account, an issue not decided by us today, there is certainly no
trustee/beneficiary relationship wherein the Department is burdened with all
the duties of a trustee with regard to the inmate’s money.